IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRANKLIN CAPITAL HOLDINGS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14-cv-8001 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| PHILIP DEJOY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Philip Dejoy's memorandum of law in support his motion to dismiss [24] for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). For the reasons set forth below, the motion [24] is denied. The case remains pending against Defendant Dejoy and is set for a future status hearing on 1/28/16 at 9:00 am.

**I.  Background**

Plaintiff, Franklin Capital Holdings, ("Plaintiff") is a Delaware limited liability company with its principal place of business in Highland Park, Illinois that provides credit programs to businesses. On or about February 17, 2011, Plaintiff entered into a Factoring Agreement ("Factoring Agreement") with Triad Communications Group, Inc. ("Triad"), a New Jersey corporation, in which Plaintiff agreed to advance up to 85% of the purchase price of the accounts receivable through the purchase of certain Triad invoices. Triad agreed to repay Plaintiff for those advances by assigning to Plaintiff Triad's interest in those invoices and all account receivables that flowed from those invoices. In order to secure the performance of the Factoring Agreement, Philip Dejoy ("Defendant"), who was President of Triad at the time and resides in

Jersey City, New Jersey, signed a continuing guaranty ("Guaranty"). See [21], Exh. C. The Guaranty provides, in relevant part, that:

This Guaranty has been signed and delivered to [Plaintiff] for acceptance at Highland Park, Illinois, and shall be governed by and construed according to the laws of the State of Illinois (exclusive of choice of law principles), in which State it shall be performed by the Guarantors. The Guarantors agree that, subject to [Plaintiff's] sole and absolute election, all legal actions or proceedings in any manner or respect arising out of or related to this Guaranty shall be brought and litigated only in courts having situs in Cook County or Lake County, Illinois; and the Guarantors hereby consent to and submit to the jurisdiction of any local, state or federal court located in Cook County or Lake County, Illinois, and hereby waive any right the Guarantors may have to transfer or change the venue of any such legal action or proceeding.

Defendant executed the Guaranty with Plaintiff on or about February 17, 2011, wherein he guaranteed the full and prompt payment to Plaintiff of all indebtedness of Triad when due, including all court costs and attorney's fees, under the Factoring Agreement. On December 14, 2011, Triad ceased operations, and, according to Plaintiff, Defendant breached the Guaranty by failing to pay the amounts owed under the Guaranty.

Plaintiff filed its complaint on October 14, 2014 [1] naming Defendant along with two other individuals who subsequently have been dismissed from this case. See [18], [35]. Plaintiff filed an amended complaint [21] on April 14, 2015. Count I asserts a cause of action for breach of the aforementioned Guaranty executed by Defendant on or about February 17, 2011. Count II and Court III assert that Defendant violated both Section 5(a)(1) and (a)(2), respectively of the Illinois Uniform Fraudulent Transfer Act ("IUFTA"), when Defendant, after executing the Guaranty with Plaintiff, transferred title to certain real estate to his wife. [21 at ¶ 31]. Plaintiff alleges that this transfer was an attempt by Defendant to defraud Plaintiff. [*Id.* at ¶ 33]. Plaintiff asserts that Defendant's breach of the Guaranty has resulted in damages of $1,339,664.80 plus fees, interest, and attorneys' fees. On May 19, 2015, Defendant filed a memorandum of law in support of his motion to dismiss [24], though he neglected to file the actual motion. Pursuant to

the Court's briefing schedule, Plaintiff filed a response by July 7, 2015 [30]. Defendant neglected to file a reply, timely or otherwise.

**II.     Legal Standard**

Federal Rule of Civil Procedure 12(b)(2) governs dismissals for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). "Once a defendant has moved for a dismissal based on the lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Kipp v. Ski Enter. Corp. of Wisc., Inc.*, 783 F.3d 695, 697 (7th Cir. 2015) (quotation marks and citation omitted). When a court does not hold an evidentiary hearing but instead reviews the defendant's motion based on the submission of written materials, the plaintiff need only establish a *prima facie* case of personal jurisdiction. *Id.*

Forum selection clauses are presumed valid. The Seventh Circuit read the Supreme Court's decision in *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1 (1972), and its own decision in *Heller Financial Inc. v. Midwhey Powder Co.*, 883 F.2d 1286 (7th Cir. 1989), as "bury[ing] the outmoded judicial hostility to forum selection clauses." *Nw. Nat. Ins. Co. v. Donovan*, 916 F.2d 372, 375 (7th Cir. 1990). Those decisions "make clear that since a defendant is deemed to waive (that is, he forfeits) objections to personal jurisdiction or venue simply by not making them in timely fashion, a potential defendant can waive such objections in advance of suit by signing a forum selection clause." *Id.* "Freedom of contract requires no less" because "[p]otential defendants would not agree to the inclusion of such a clause in their contracts if they thought it would put them at a disadvantage should the parties have a dispute that resulted in litigation, unless they were compensated for assuming that risk." *IFC Credit Corp. v. Aliano Bros. Gen. Contractors*, 437 F.3d 606, 609-10 (7th Cir. 2006). "Any doubt that federal law accords such clauses the same presumption of validity as attends the price, quantity, and other

terms normally found in contracts—that federal law doesn't look on them with a fisheye—was dispelled * * * by the Supreme Court" in *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585 (1991). *Id.* In *Shute*, "[t]he clause was boilerplate in a classic 'contract of adhesion' (the fancy, and pejorative, expression for a nonnegotiated, that is, take-it-or-leave-it, consumer contract)," but the Supreme Court nevertheless upheld the forum selection clause as valid. *Id.* (citing *Shute*, 499 US at 595). "Such clauses, the [Supreme] Court said, could be invalidated only if they flunked the test of fundamental fairness." *Id.* (citing *Shute*, 499 US at 595).

"The presumptive validity of a forum selection clause can be overcome if the resisting party can show it is 'unreasonable under the circumstances." *Jackson v. Payday Fin., LLC*, 764 F.3d 765, 776 (7th Cir. 2014) (citations omitted). "Relying on the [Supreme] Court's decisions in *M/S Bremen* and *Shute*," the Seventh Circuit has identified three sets of circumstances that will render a forum selection clause unreasonable: "(1) if their incorporation into the contract was the result of fraud, undue influence or overweening bargaining power; (2) if the selected forum is so "gravely difficult and inconvenient that [the complaining party] will for all practical purposes be deprived of its day in court; or (3) if enforcement of the clauses would contravene a strong public policy of the forum in which the suit is brought, declared by statute or judicial decision." *Id.*

### III. Analysis

Defendant argues that the Court lacks jurisdiction because Defendant does not have sufficient minimum contacts with Illinois. While "a contract between a state resident and an out-of-state defendant alone does not automatically establish sufficient minimum contacts" *Citadel Grp. Ltd. v. Washington Reg'l Med. Ctr.*, 536 F.3d 757, 761 (7th Cir. 2008) (citing (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 478 (1985)), the Seventh Circuit has described

4

such "an argument to be meritless" when a party has "signed a valid forum selection clause." *TruServ Corp. v. Flegles, Inc.*, 419 F.3d 584, 589 (7th Cir. 2005). "[A] valid forum-selection clause, even standing alone, can confer personal jurisdiction." *Id.* In *TruServ Corp.*, the Seventh Circuit determined that the defendant had "waived her objection to personal jurisdiction" because the defendant had signed a valid forum-selection clause. *Id.* Thus, Defendant's Rule 12(b)(2) motion turns on whether the forum-selection clause that he executed with Plaintiff is valid. If the forum-selection clause is valid, then Defendant has waived his objection to personal jurisdiction and the Court must deny his motion.

The validity of a forum-selection clause "depends on the law of the jurisdiction whose rules will govern the rest of the dispute." *IFC Credit Corp.v. United Bus. & Indus. Fed. Credit Union*, 512 F.3d 989, 991 (7th Cir. 2008); see also *Exhibit Sys., Inc. v. Pico Art Int'l Pte., Ltd.*, 2015 WL 3930265, at *2 (N.D. Ill. June 25, 2015). The Guaranty selects Illinois for the applicable law as well as its judicial forum, see [21, Exh. C at 6] ("Guaranty * * * shall be governed by and construed according to the laws of the State of Illinois"), so Illinois law governs the Court's analysis here.

Under Illinois law, a legally enforceable contract demands evidence of an offer, acceptance, and consideration. *Vassilkovska v. Woodfield Nissan, Inc.,* 830 N.E.2d 619, 624 (Ill. 2005) (citation omitted). "It is a basic tenet of contract law that in order for a promise to be enforceable against the promisor, the promisee must have given some consideration for the promise." *Id.* (citation omitted). "In the law of contracts, consideration is relatively easy to show. As long as the person receives something of value in exchange for her own promise or detriment, the courts will not inquire into the adequacy of the consideration." *Wagner v. NutraSweet Co.*, 95 F.3d 527, 532 (7th Cir. 1996) (citing *White v. Vill. of Homewood,* 628

N.E.2d 616, 619 (Ill. 1993) (other citations omitted); see also *LKQ Corp. v. Thrasher*, 785 F. Supp. 2d 737, 742 (N.D. Ill. 2011) (discussing general rules of contract law in Illinois). In "agreements reached through arm's length negotiation between experienced and sophisticated business people," "a forum selection clause in a contract is *prima facie* valid and should be enforced unless the opposing party shows that enforcement would be unreasonable under the circumstances." *Jackson*, 764 F.3d at 777 (7th Cir. 2014) (quoting *IFC Credit Corp. v. Rieker Shoe Corp.,* 881 N.E.2d 382, 389 (Ill. 2007)).

To determine whether the forum selection clause is unreasonable, Illinois courts look to "(1) which law governs the formation and construction of the contract; (2) the residency of the parties involved; (3) the place of execution and/or performance of the contract; (4) the location of the parties and witnesses participating in the litigation; (5) the inconvenience to the parties of any particular location; and (6) whether the clause was equally bargained for." *GPS USA, Inc. v. Performance Powdercoating*, 226 N.E.3d 574, 578 (Ill. App. Ct. 2015). "Even if a majority of the factors favor litigation in another forum, this court may still conclude that the clause is reasonable." *Macey & Aleman v. Simmons*, 2011 WL 1456762, at *3 (N.D. Ill. Apr. 14, 2011) (citing *Dace Int'l v. Apple Computer,* 655 N.E.2d 974, 977 (Ill. App. Ct. 1995) (concluding that the forum selection clause was reasonable even though four of the six factors favored litigation in a different forum)).

The first and sixth factors militate in favor of the forum selection clause's reasonableness. As discussed above, Illinois substantive law governs the formation and construction of the contract. As to the sixth factor, Defendant makes no argument that this bargain was the result of fraud or unequal bargaining power, and the Court finds nothing in the record that would support contract formation defenses. Defendant negotiated an arms-length agreement with Plaintiff

6

resulting in significant amounts of money to a company of which Defendant was a principal. Defendant received something of value, namely the Factoring Agreement, in exchange for his own promise to resolve any dispute in an Illinois court. The third factor—where the contract was executed—weighs in favor of the Defendant. It appears that the Guaranty was executed in New Jersey, as evidenced by the signatures of two notaries from Ocean County, New Jersey. [21], Exh. C. at 8.

The second, fourth, fifth factors—the residency of the parties, the location of the parties and the witnesses, and the inconvenience of any particular location—are not determinative here. Plaintiff is a Delaware corporation whose principal place of business is in Illinois, while Defendant is a citizen and resident of New Jersey. Regardless of where the case is litigated, one of the parties will be forced to litigate in an out-of-state forum. Defendant has not provided any evidence that moves this dispute out of the ordinary realm of parties residing in two separate states. It is unclear who will be called as witnesses in this litgation, but the parties' respective locations are identical to their residency. There will be some inconvenience to Defendant in litigating this case outside of New Jersey, but applying Illinois contract law, the Court presumes that Defendant received consideration for that inconvenience through the Forum Agreement. Under Illinois law, "even when one party claims inconvenience, if both parties freely entered the agreement contemplating such inconvenience should there be a dispute, one party cannot successfully argue inconvenience as a reason for rendering the forum clause unenforceable." *Calanca v. D & S Mfg. Co.*, 510 N.E.2d 21, 23 (Ill. App. Ct. 1987). Defendant has not shown that "'trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court.'" *Id.* (quoting *Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 8 (1972)). Accordingly, the Court finds that "there is no basis for concluding

that it would be unfair, unjust, or unreasonable to hold that party to his bargain." *Id.* (citation omitted). Accordingly, the Guaranty's forum selection clause is enforceable against the Defendant.

As for Plaintiff's claims under the IUFTA, 740 ILCS 160/1 *et seq.* (Counts II and III), the Court has supplemental jurisdiction over those state law claims under 28 U.S.C. § 1367. See, *e.g.*, *For Your Ease Only, Inc. v. Calgon Carbon Corp.*, 560 F.3d 717, 719 (7th Cir. 2009), *Kopecky v. RJM Investments*, 2009 WL 2746151, at *2 (N.D. Ill. Aug. 26, 2009). Section 1367 provides that "[i]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action ... that they form part of the same case or controversy." 28 U.S.C. § 1367(a). Thus, both the state and federal claims must derive from a "common nucleus of operative facts." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). Counts II and III are bound up with the conduct alleged in Count I. Count I asserts a cause of action for breach of the aforementioned Guaranty, and Counts II and III assert that Defendant violated both Section 5(a)(1) and (a)(2), respectively of the IUFTA, when Defendant, after executing the Guaranty with Plaintiff, transferred title in the sole real estate owned by Defendant to his wife. Such a transfer allegedly interferes with Plaintiff's ability to recover for the breach of the Guaranty. That is enough for the Court to exercise supplemental jurisdiction, considering "a loose factual connection between the claims is generally sufficient." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 683 (7th Cir. 2014); see also *Kopecky*, 2009 WL 2746151, at *2.

Because there is nothing to establish that the Guaranty's forum selection clause was procured by fraud or that it is unreasonable under Illinois law, the forum selection clause is enforceable. Plaintiff has therefore satisfied its burden of showing that the Court has personal

jurisdiction over Defendant, and the Court has supplemental jurisdiction over Plaintiff's claims under IUFTA pursuant to 28 U.S.C. Section 1367. Accordingly, Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) [24] is denied.

## IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss [24] under Federal Rule of Civil Procedure 12(b)(2) is denied. The case remains pending against Defendant and is set for a future status hearing on 1/28/16 at 9:00 am.

Dated: December 18, 2015

_____
Robert M. Dow, Jr.
United States District Judge